**CABOT CORPORATION and Cabot Argentina, S.A.I.C., Libelants,**

v.

**S.S. MORMACSCAN, her engines, etc., Moore-McCormack Lines, Inc. and John W. McGrath Corporation, Respondents.**

United States District Court
S. D. New York.

Oct. 30, 1964.

Hill, Rivkins, Louis & Warburton, New York City, Leo P. Cappelletti, New York City, of counsel, for libelants.

McHugh & Leonard, New York City, for respondent John W. McGrath Corp.

Burlingham, Underwood, Barron, Wright & White, New York City, for respondent Moore-McCormack Lines, Inc.

BONSAL, District Judge.

This suit in admiralty has been instituted to recover the sum of $42,526.72 against the respondents for damages to a turbogenerator which had been loaded aboard the S. S. MORMACSCAN for transportation to Buenos Aires. It appears that the damage occurred while the respondent John W. McGrath Corporation ("stevedore") was loading steel plates in the same hold when two steel sheets weighing 5,000 pounds apiece dropped on the case containing the turbogenerator. Libelants have moved, pursuant to Admiralty Rule 58, for sum-

mary judgment against the stevedore subject to a trial for the determination of damages and interest.

In opposing the motion for summary judgment, stevedore contends that there is a genuine issue of fact to be tried—specifically whether the stevedore is entitled to the benefit of the $500 limitation of liability contained in the bill of lading.[1]

Stevedore raises a material issue of fact as to whether or not it is entitled to limitation of liability under the applicable provisions of the bill of lading, which provided as follows:

> "2. * * * the word 'carrier' shall include the ship, her owner, operator, demise charterer, time charterer, master and any substituted carrier, whether acting as carrier or bailee, *and all persons rendering services in connection with performance of this contract;* * * *"
> (Italic the court's.)

> "13. In case of any loss or damage to or in connection with goods exceeding in actual value $500, lawful money of the United States per package, or, in case of goods not shipped in packages, per customary freight unit, the value of the goods shall be deemed to be $500 per package or per unit, * * * unless the nature of the goods and a valuation higher than $500 shall have been declared in writing by the shipper upon delivery to the carrier and inserted in this bill of lading and extra

freight paid if required; and in such case if the actual value of the goods per package or per customary freight unit shall exceed such declared value, the value shall nevertheless be deemed the declared value and the carrier's liability in any capacity, if any, shall not exceed the declared value. * * *"

The stevedore contends that it is entitled to the benefits of the limitation of liability clauses as a person rendering services in connection with the performance of the contract embodied in the bill of lading. Libelants, on the other hand, argue that the law is well settled that the benefits of a limitation of liability clause in a bill of lading do not extend to the stevedore. Robert C. Herd & Co., Inc. v. Krawill Machinery Corp., 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed.2d 820 (1959); Virgin Islands Corp. v. Merwin Lighterage Co., Inc., 177 F.Supp. 810 (D.C.V.I., 1959). The clause in the instant bill of lading defining "carrier" is substantially broader than the similar clauses which were interpreted in the Herd and Virgin Islands cases.[2]

In Herd, the Supreme Court stated, 359 U.S. at p. 305, 79 S.Ct. at p. 771, that:

> " * * * contracts purporting to grant immunity from, or limitation of, liability must be strictly construed and limited to intended beneficiaries, for they 'are not to be applied to alter familiar rules visiting liability upon a tortfeasor for the consequences of his negligence, un-

1. In opposing a prior motion for summary judgment, the stevedore argued that there was also a material question of fact as to its negligence. The libelants were permitted to withdraw that motion without prejudice, and since, have taken the deposition of the McGrath employee who supervised the loading operations. Since that deposition indicates that the stevedore was responsible for the damage, the stevedore does not argue that a material issue of fact exists as to its negligence either in the affidavit or brief submitted in opposition to this motion, other than to state in its affidavit that it denied the allegation of negligence in its answer.

2. In Herd, there was no definition of "carrier" as there is here, so that the Court found that the "carrier" did not include the stevedore. In Virgin Islands, "carrier" was defined as including " * * * the ship, her owner, master, operator, demise charterer, and if bound hereby the time charterer, and any substituted carrier, whether the owner, operator, charterer, or master shall be acting as carrier or bailee." This definition clearly did not extend to the stevedore.

less the clarity of the language used expresses such to be the understanding of the contracting parties.'" (Boston Metals Co. v. The Winding Gulf, 349 U.S. 122, 123–124, 75 S.Ct. 649, 99 L.Ed. 933 (1955).

In Virgin Islands, 177 F.Supp. at p. 811, the Court said, "It is well settled that contracting parties may, if they intend to do so, validly extend a contractual benefit to a third party." The words in the bill of lading extending the definition of carrier to "all persons rendering services in connection with the performance of this contract" appear to express an understanding that the contracting parties intended to extend the immunity to the stevedore, the lighterage company or any other person having to do with the loading or unloading of the vessel. This issue cannot be resolved on a motion for summary judgment. Accordingly, libelant's motion for summary judgment must be denied.

It is so ordered.