**CARLE & MONTANARI, INC., Plaintiff,**

**v.**

**AMERICAN EXPORT ISBRANDTSEN LINES, INC. and John W. McGrath Corporation, Defendants.**

**No. 66 Ad. 163.**

United States District Court
S. D. New York.
Sept. 25, 1967.

tion (the stevedore), for damages to the shipment. All material facts have been stipulated from which it appears that on or about August 3, 1965 the case containing the machine was loaded on board the S.S. EXPORT CHALLENGER in Genoa, Italy and the bill of lading was issued therefor. The shipment arrived in the Port of New York on or about August 13, 1965 and, while the cargo was being unloaded by the stevedore, the case containing the machine fell from, or was dropped from, the ship's gear and was damaged as a consequence of the negligence of the stevedore. It is further stipulated that the full amount of plaintiff's damages is $7,000, and that the liability of the carrier is limited to $500 pursuant to 46 U.S.C. § 1304(5) and the bill of lading, and that the sole issue to be decided by the court is whether the liability of the stevedore is also limited to $500 under the bill of lading. Plaintiff moves for summary judgment against the stevedore for $7,000, the full amount of its damages.[1]

Plaintiff contends that the stevedore is liable for the full amount of its damages, while the stevedore and the carrier contend that under the bill of lading, the stevedore's liability is limited to $500. The parties have stipulated that if plaintiff's contention is sustained, a final judgment may be entered against the stevedore for $7,000, and if the stevedore's contention is sustained, a final judgment may be entered against the stevedore for $500. Excellent briefs have been submitted to assist the court in reaching its decision.

Clauses 1 (a) and 17 of the bill of lading read in relevant part as follows:

"1. (a) * * * The terms of this bill of lading constitute the contract of carriage, which is between the Shipper, Consignee and owner of the goods, and the owner or demise charterer of the vessel designated to carry the goods. It is understood and

Bigham, Englar, Jones & Houston, New York City, for plaintiff; F. Herbert Prem, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant American Export Isbrandtsen Lines, Inc.; M. E. DeOrchis, New York City, of counsel.

Joseph F. McGoldrick, New York City, for defendant John W. McGrath Corp.; Martin J. McHugh, James M. Leonard, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff, the consignee and owner of a shipment consisting of one case containing a machine described as a Chocolate Roller Refiner, instituted this admiralty action on February 16, 1966 seeking to recover from the defendant carrier, American Export Isbrandtsen Lines, Inc. (the carrier), and the defendant stevedore, John W. McGrath Corpora-

---

1. Since all material facts have been stipulated by the parties, the issue of whether the stevedore's liability is limited to $500 can be decided on motion for summary judgment. Compare Cabot Corp. v. SS Mormacscan, 235 F.Supp. 845 (S.D.N.Y. 1964).

agreed that, *other than said shipowner or demise charterer,* no person, firm or corporation or other legal entity whatsoever (including the Master, officers and crew of the vessel, *all agents and all stevedores and other independent contractors whatsoever*) is, or shall be deemed to be liable with respect to the goods *as carrier, bailee or otherwise howsoever,* in contract or in tort. If, however, it shall be adjudged that any *other than said shipowner or demise charterer is carrier or bailee of the goods or under any responsibility with respect thereto,* all limitations of and exonerations from liability provided by law or by the terms hereof shall be available to such other. In contracting for the foregoing exemptions, limitations and exonerations from liability, the Carrier is acting as agent and trustee for the other above mentioned. [Emphasis supplied.]

"17. In case of any loss or damage to or in connection with goods exceeding in actual value the equivalent of $500 lawful money of the United States, per package, or, in case of goods not shipped in packages, per shipping unit, the value of the goods shall be deemed to be $500 per package or per shipping unit. The Carrier's liability, if any, shall be determined on the basis of a value of $500 per package or per shipping unit * * *, unless the nature of the goods and a valuation higher than $500 per package or shipping unit shall have been declared in writing by the shipper upon delivery to the Carrier and inserted in this bill of lading and extra freight paid."

■■ The parties to a bill of lading may extend a contractual benefit to a third party by clearly expressing their intent to do so. Herd & Co. v. Krawill Machinery Corp., 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed.2d 820 (1959); Cabot Corp. v. SS Mormacscan, supra; Virgin Islands Corp. v. Merwin Lighterage Co., 177 F. Supp. 810 (D.C.V.I.1959). Therefore, if clause 1(a) of the bill of lading expresses an intent to extend the benefit of the

$500 per package limitation of liability to the stevedore, then the stevedore's liability must be so limited.

In interpreting clause 1(a), the italicized words in the third sentence, "other than said shipowner or demise charterer is carrier or bailee of the goods or under any responsibility with respect thereto," must be read together with the second sentence which, in excluding persons other than the shipowner or demise charterer, specifically mentions stevedores in the exclusion. Reading the two sentences together, it is clear that the bill of lading seeks to exclude stevedores from liability, in the second sentence, and to provide, in the third sentence, that where, as here, the stevedore is liable, its liability is limited to $500 as provided in clause 17 of the bill of lading. The intent of the parties to the bill of lading to extend the limitation of liability to the stevedore is adequately expressed therein. Consequently, the court holds that under the bill of lading the stevedore is entitled to the benefit of the $500 per package limitation of liability.

Plaintiff argues that under the Supreme Court's decision in Herd & Co. v. Krawill Machinery Corp., supra, and the decision in Virgin Islands Corp. v. Merwin Lighterage Co., supra, the bill of lading does not entitle the stevedore to limit its liability. In *Herd* there was nothing in the bill of lading to indicate that the stevedore's liability was intended to be limited and the Supreme Court held that in the absence of such an expression of intent, the stevedore's liability was not limited under 46 U.S.C. § 1304(5) or under the bill of lading. In *Virgin Islands Corp.* the cargo was damaged on a lighter after it had been unloaded from the ship. As Judge Maris pointed out, if the limitation of liability in the bill of lading covered damage on the lighter, "the limitation of liability provisions * * * [would extend] even to carriers and/or bailees handling the cargo by land." 177 F.Supp. at 815. The parties here have stipulated that the cargo was damaged when "it fell or was dropped from the ship's gear" as

it was being unloaded. In addition, in Virgin Islands Corp., the provision in the bill of lading relied upon by the lighterage company made no mention of stevedores or third parties such as the lighterage company.[2] Here the bill of lading refers specifically to stevedores and states that, "In contracting for the * * * limitations * * * [of] liability, the Carrier is acting as agent and trustee for the other above mentioned."

Plaintiff also relies upon cases dealing with contractual provisions purporting to exonerate a party from liability for negligence, and argues that the stevedore is not entitled to limit its liability because the bill of lading, which must be strictly construed against the stevedore, does not specifically mention negligence. However, a contract which fixes the value of goods accepted for shipment and thereby limits liability for damage to the goods, is not a contract exonerating a negligent party from liability. See, e. g., Ansaldo San Giorgio I v. Rheinstrom Brothers Co., 294 U.S. 494, 55 S.Ct. 483, 79 L.Ed. 1016 (1935); Kansas City Southern Railway Co. v. Carl, 227 U.S. 639, 33 S.Ct. 391, 57 L.Ed. 683 (1913). If plaintiff wanted to avoid the $500 per package limitation of liability in the bill of lading, it could have declared a higher value and paid extra freight.

For the foregoing reasons, plaintiff's motion for summary judgment is denied. A final judgment may be entered for $500 against the defendant stevedore, John W. McGrath Corporation.

Settle order on notice.

2. The bill of lading provision in *Virgin Islands Corp.* reads as follows:
"If the ship is not owned by or chartered by demise to Alcoa Steamship Company, Inc. (as may be the case notwithstanding anything that appears to the contrary) this bill of lading shall take effect only as a contract with the owner or demise charterer, as the case may be, as principal, made through the agency of Alcoa Steamship Company, Inc. which acts as agent only and shall be under no personal liability whatsoever in respect thereof.

If, however, it shall be adjudged that any other than the owner or demise charterer is carrier and/or bailee of the goods all limitations of and exonerations from liability provided by law or by the terms hereof shall be available to such other."
"Carrier" was defined in the bill of lading to include, "the ship, her owner, master, operator, demise charterer, and if bound hereby the time charterer, and any substituted carrier, whether the owner, operator, charterer, or master shall be acting as carrier or bailee."