**SECREST MACHINE CORPORATION, Plaintiff,**

v.

**SS "TIBER", her engines, boilers, etc., William Wilhelmsen, doing business as the Swedish Atlantic Wilhelmsen Line, and Strachan Shipping Company, Defendants.**

**Civ. A. No. 2679.**

United States District Court, S. D. Georgia, Savannah Division.

March 12, 1971.

Fred S. Clark, Brannen, Clark & Hester, Savannah, Ga., for plaintiff.

Edward T. Brennan, Adams, Adams, Brennan & Gardner, Savannah, Ga., for defendants.

## ORDER

LAWRENCE, Chief Judge.

Where a shipowner and a stevedore are sued by a consignee as a result of damage to a single-package shipment does the $500 limitation of the carrier per package under the Carriage of Goods by Sea Act [1] constitute the maximum recovery against the carrier and negligent stevedore or is plaintiff entitled to the statutory limit from *each* defendant?

When defendants' motion for summary judgment was argued I informed counsel that I thought Secrest Machine Corporation could recover a total of $1,000 ($500 from each defendant) and not merely $500 from the carrier and stevedore jointly.

Plaintiff requests reconsideration of this oral ruling in the light of Leather's Best Inc. v. S. S. Mormaclynx, D.C., 313 F.Supp. 1373. In that case the defendants were the carrier and its subsidiary, Tidewater Terminal, Inc. which was in charge of the pier where the shipment was unloaded. A container in which 99 bales of leather had been shipped disappeared from a dock in New York. The District Court held that each bale constituted a "package" and judgment was awarded against the ship, the carrier and the terminal company, jointly, in the sum of $49,500, representing $500 for each bale.

In Herd & Co. v. Krawill Machinery Corp., 359 U.S. 297, 79 S.Ct. 766, 3 L.

Ed.2d 820, the Supreme Court held that neither COGSA nor the limitation of the carrier's liability in the particular bill of lading applied to or limited the liability of a negligent stevedore.[2] However, parties were permitted by express language to limit the liability of negligent agents of the carrier, such as stevedores. This appears to be the universal practice. See Carle & Montanari, Inc. v. American Export Isbrandtsen Lines, Inc. and John W. McGrath Corporation, D. C., 275 F.Supp. 76; opinion adopted, 2 Cir., 386 F.2d 839; cert. denied 390 U.S. 1013, 88 S.Ct. 1263, 20 L.Ed.2d 162; Virgin Islands Corporation v. Merwin Lighterage Co., Inc., D.C., 177 F.Supp. 810; Cabot Corp. v. S. S. Mormacscan, et al., 298 F.Supp. 1171; Middle East Export Co. v. Concordia Line, 64 Misc.2d 270, 314 N.Y.S.2d 390 (Civil Court of the City of New York).

In the present case the bill of lading provides that all defences, including limitation of liability, shall inure to the benefit of the carrier's agents and independent contractors performing its obligations.[3] Plaintiff conceded that the limitation applies. However, it contends that each defendant is liable in the amount of $500. Defendants contend that they are liable only for $500 in solido.

In *Leather's Best* Judge Judd pointed out that Moore-McCormack and Tidewater had argued that "should liability be found, the liability of each defendant is limited to $500." The Court did not deal in direct terms with the issue. However, it is clear from the judgment that the Court was of the view that the $500 limitation could not be the means

---

1. 46 U.S.C.A. §§ 1300–1311. COGSA applies to every bill of lading evidencing a contract for carriage of goods by sea "to or from ports of the United States." 46 U.S.C.A. § 1300.

2. The statute defines a carrier as "the owner or the charterer who enters into a contract of carriage with a shipper." 46 U.S.C.A. § 1301(a).

3. The language is: "All defences as aforesaid shall inure to the benefit of the Car-

rier's agent, servants and employees and of any independent contractor performing any of the Carrier's obligations under the contract of carriage or acting as bailee of the goods, whether sued in contract or in tort. For the purpose of this clause all such persons, firms or legal entities as alluded to above shall be deemed to be parties to the contract evidenced by this B/L."

of increasing a shipper's recovery in the instance of multiple defendants.

In Middle East Export Co. v. Concordia Line, *supra*, a New York court similarly limited recovery in a case where the consignee sued the carrier and the stevedore for the loss of four bales of rugs. The carrier impleaded the stevedore. Judgment was entered jointly in favor of Middle East (consignee) against Concordia (carrier) and American (stevedore) in the amount of $2,000 representing the $500 limitation on four bales. Judgment was rendered for Concordia against American for whatever part of the $2,000 Concordia should pay to plaintiff.

A completely different result was reached in a recent decision in the Southern District of Texas. See Esso Standard v. S. S. Wisconsin, Nordance Line, Liberty Stevedore Co., Inc. and Joy Manufacturing Co. (Galveston Division, September 17, 1970). The facts there resembled those in the case before me. Judge Noel found that "The defendant shipowner and defendant stevedore are *both* jointly and severally liable in personam * * * for damages to plaintiff's compressor." He went on to say that if the compressor unit was a package "their liability is limited to $500 each or a total of $1,000."[4]

*Carle & Montanari, supra*, involved a single package worth $7,000. The shipper sued the carrier and the stevedore after the cargo fell or was dropped as a result of the negligence of the latter. The bill of lading limited liability of the stevedore to $500 per package. It was stipulated that the carrier's liability was $500. Plaintiff sought additional recovery of $7,000 from the stevedore. Judge Bonsal denied recovery for more than $500 as to the latter and a separate judgment was entered against the stevedore in that amount. It is quite possible that the plaintiff recognized that the recovery of $500 was not doubled by reason of the separate liability of the defendants.

In the present case the consignee sued the carrier and Strachan Shipping Company, the stevedore. The complaint alleges that while discharging the cargo at Savannah Strachan negligently permitted a box containing a steel drill press to fall with resulting damage to plaintiff in the amount of $17,000. The parties agree that Strachan is entitled to the $500 limitation of liability provided by the contract of carriage. They disagree over whether there should be a total judgment against defendants in the amount of $500 or whether judgment should be in the sum of $500 against the carrier and the stevedore severally.

Under the Carriage of Goods by Sea Act the carrier is required properly to load, handle, carry, care for and "discharge the goods carried." 46 U.S.C.A. § 1303(2). As an independent contractor, Strachan performed the latter function. The carrier's liability derived from its negligent discharge of that duty. It can hardly be contended in the perspective of *Herd* that the Congressional intent was to restrict the stevedore's liability to $500 rather than to permit a full recovery by consignee against it in a proper case. However, the limitation of the liability of Strachan grows out of the provisions of the bill of lading. We have a single wrongful act which produced a single damage for which there is joint and several liability by the carrier and stevedore. Under the bill of lading Strachan is entitled to the benefit of the limitation of liability "provided to the Carrier by law." The controlling law limits the carrier's liability to $500 per package. Under the contract of carriage the parties agreed that the statutory limitation extends to Strachan. It would seem a strange interpretation of the bill that the shipowner contemplated that there might be a double or even a triple recovery of the $500 limitation. A proper construction of the statute and the

---

4. Judge Noel permitted an interlocutory appeal on January 20, 1971, but the dominant issue is whether the compressor was a single package.

contract of carriage appears to me to permit but a single recovery against both defendants for $500.[5]

In the light of Esso Standard, *supra,* it may be that my first impression was correct and that greater reflection has only led me into error. At any rate, judgment on the motion will be entered in accordance with my present and not the view expressed by me at the argument.

There is no claim by the shipowner against Strachan and it is not necessary to deal with the matter of the stevedore's liability to the carrier because of any breach of warranty of workmanlike performance.

---

5. The matter attains importance in cases like *Leather's Best* where there were 99 packages and the total recovery was either $49,500 or $99,000 against the two defendants.