BERNARD SCREEN PRINTING CORPORATION, Plaintiff,

v.

MEYER LINE and Universal Terminal & Stevedoring Corporation, Defendants.

No. 67 Civ. 4487.

United States District Court,
S. D. New York.

June 15, 1971.

84. Anderson's-Black Rock, Inc. v. Pavement Salvage Co., Inc., 396 U.S. 57, 61, 90 S.Ct. 305, 308, 24 L.Ed.2d 258 (1969).

Hill, Rivkins, Warburton, McGowan & Carey, New York City, for plaintiff; by Ronald R. Coles, New York City, of counsel.

Brown, Quencer & Commette, New York City, for defendants; by Albert S. Commette, New York City, of counsel.

NEWMAN, Judge, Customs Court (sitting by designation).

The facts are not controverted.

Plaintiff, owner of screen printing machinery transported from Hamburg to New York aboard defendant Meyer Line's vessel S. S. Havlom, sues to recover damages to one case of the machinery, which was negligently dropped and damaged by employees of the stevedore defendant Universal upon discharge of the vessel in New York on November 29, 1966. Pursuant to stipulation, action against Meyer Line (the ocean carrier) has been discontinued by all parties.

The sole question to be decided is whether the bill of lading, under which the shipment was forwarded, effectively limits the liability of Universal to $500 as distinguished from the claimed damages of $14,545. By separate contract with the carrier, Universal had agreed to stevedore the vessel, and to perform other services.

The bill of lading, clause 1(J), contains the following language concerning the limitation of liability permitted by Section 1304(5), U.S. Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et seq.:

1. (J) The contract evidenced hereby is between the shipper and the owner or demise charterer of the ship designated to carry the goods. It is

understood and agreed that, other than said shipowner or demise charterer, no person, firm or corporation or other legal entity whatsoever (*including the master, officer and crew of the vessel and all agents and independent contractors*) is, or shall be deemed to be, liable to the shipper or consignee as carrier, bailee or otherwise howsoever in contract or in tort. If, however, it shall be adjudged that any other than said shipowner or demise charterer is carrier or bailee of the goods or under any responsibility to the shipper or consignee, all defences (including all limitations of said exonerations from liability) provided to said shipowner or demise charterer by law or by terms hereof shall be available to such other * * *. (emphasis added)

Resolution of the issue depends upon whether the above-quoted language meets the standards promulgated in the decided cases regarding the extension of limitation of liability clauses in bills of lading to third parties. Specifically, it must be determined whether the words "agents and independent contractors" are sufficient to include defendant Universal, which was engaged to do the stevedoring work upon discharge of the vessel.

The reported cases throw some light upon the path to be pursued in deciding the question. No Federal court decision has construed the precise provisions involved herein.* In Carle & Montanari, Inc. v. American Export Isbrandtsen Lines, Inc., 275 F.Supp. 76, 78 (S.D. N.Y.) aff'd 386 F.2d 839 (2d Cir. 1967), cert. denied sub nom. Carle & Montanari, Inc. v. John W. McGrath Corp., 390 U.S. 1013, 88 S.Ct. 1263, 20 L.Ed.2d 162 (1968), the limitation of liability provision was extended to a stevedore where the bill of lading used the language "all agents and all stevedores".

Plaintiff relies heavily on the recent holding in Cabot Corp. v. S. S. Mormacscan, 441 F.2d 476 (2d Cir. 1971); unfortunately for plaintiff, however, such

* The Court, in Middle East Export Co. v. Concordia Line, 64 Misc.2d 270, 314 N.Y.S.2d 390 (Civil Court, New York County); 1971 AMC 64, found that the identical provision included an independent stevedoring contractor.

reliance on *Cabot Corp.* is misplaced. There, the Court of Appeals interpreted language in a bill of lading limiting liability to "all persons rendering services in connection with performance of this contract." The Court reiterated the necessity for construing limitation of liability clauses strictly, citing Robert C. Herd & Co., Inc. v. Krawill Machinery Corp., 359 U.S. 297, 305, 79 S.Ct. 766, 3 L.Ed.2d 820 (1959), and stated that the intention of the parties must be expressed in "clarity of language".

In refusing to extend the limitation of liability provision to the stevedore, the Court nevertheless noted that there was doubt as to "whether (the language) 'all persons rendering service' is designed to include stevedores loading the goods for another shipper". And significantly, in *Cabot Corp.* the stevedore was loading steel plates belonging to another shipper when it caused damage to the plaintiff's property, and was not engaged in performance of the contract, i. e., the bill of lading in issue.

The requirement of "clarity of language" serves a salutary purpose so that limitations of liability may not rest upon vague and ambiguous terms. But this does not mean that language, which is unequivocal, should be ignored merely because it fails to catalog the various particulars which form a definite, expressed entity. Language in a contract should be construed in its context and with an eye to the function to be accomplished.

Clarity is not synonymous with specificity. In *Carle & Montanari*, the bill of lading referred to "all agents and all stevedores". The substitution of the words "independent contractors" for "stevedores" in a contract drawn by persons engaged in the shipping industry was intended to have some significance. To exclude "stevedores", who are independent contractors, from the scope of the more inclusive term would, in effect, be holding that parties by using the more inclusive term had accomplished the opposite result.

■ Such a construction would not comport with the purpose underlying the doctrine of strict construction of limitation of liability clauses. We are not dealing with a term in the bill of lading which is unknown to the law. In Restatement (Second), Agency § 2(3) (1958) the term "independent contractor" is defined as "a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking. He may or may not be an agent". (See Consolidated Housecraft, Inc. v. United States, 170 F.Supp. 842 (E.D. N.Y.1959); United States v. Olympic Provision & Baking Co., 282 F.Supp. 819 (S.D.N.Y.1968), aff'd 393 U.S. 480, 89 S.Ct. 708, 21 L.Ed.2d 688 (1969); and see also Scruttons, Ltd. v. Midland Silicones, Ltd., A.C. 446 (1962), 1 All. E.R. 1, (1961), where the stevedore was referred to as an independent contractor.

In using the words "independent contractors" in the instant bill of lading, sufficient guidelines were expressed to indicate the intention of the parties. It was unnecessary to list specifically all possible constituent elements of that term, which would include all the contractors who rendered service for the carrier in connection with the shipment. Where a class of persons such as "independent contractors" is referred to in a contract, it is clear that the class includes all those reasonably falling within the definition of that class and within the context of the transaction. No further degree of particularity is necessary to give the term clarity.

■ As indicated, *Carle & Montanari* recognized the power of the carrier to contract with the shipper in a bill of lading to extend to a stevedore the limitation of liability of $500 per package allowed to the carrier. I conclude that such power was effectively exercised when the bill of lading herein used the language "agents and independent contractors" to designate those intended to come within the ambit of the limitation

provision; and that there was no necessity for further specification to bring the stevedore within the scope of the term "independent contractor".

Accordingly, the limitation of liability clause in the bill of lading referring to "independent contractors" was sufficiently clear to encompass the stevedore, and Universal's liability is therefore limited to $500.

It is so ordered.