**SECREST MACHINE CORPORATION,**
**Plaintiff-Appellant,**

v.

**S. S. TIBER, her engines, boilers, etc.,**
**et al., Defendants-Appellees.**

**No. 71-1734**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1971.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Fred S. Clark, Savannah, Ga., Vincent J. Ryan, Hill, Rivkins, Warburton, McGowan & Carey, New York City, Brannen & Clark, Savannah, Ga., for plaintiff-appellant.

Edward T. Brennan, Adams, Adams, Brennan & Gardner, Savannah, Ga., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant, consignee Secrest Machine Corporation, sued appellees, carrier William Wilhelmsen, doing business as The Swedish Atlantic-Wilhelmsen Line, and stevedore Strachan Shipping Company, for damages to appellant's cargo. While discharging the cargo at Savannah, stevedore negligently permitted a box containing a steel press to fall with consequent damage to the press in the amount of $17,000. The bill of lading provided *inter alia*:

> All defenses as aforesaid shall inure also to the benefit of the Carrier's agents, servants and employees and of any independent contractor performing any of the Carrier's obligations under the contract of carriage or acting as bailee of the goods, whether sued in contract or in tort.
>
> For the purpose of this clause all such persons, firms or legal entities as alluded to above shall be deemed to be parties to the contract evidenced by this B/L.

The District Court, 324 F.Supp. 671, found both stevedore and carrier negligent and granted judgment in favor of appellant for "a single recovery against both defendants for $500,"[1] We affirm.

The parties agree that carrier is entitled to a $500 limitation of liability under the "single-package" provision of the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1304.[2] Appellant argues on appeal, however, that the $500 limitation does not apply to stevedore or, if it does, appellant is entitled to a separate recovery of $500 from each of the defendants, or a total of $1,000. We find both of these positions untenable.

While it is true that the $500-per-package limitation of the Act does not advert to stevedores, Robert C. Herd & Co., Inc. v. Krawill Machinery Corp., 1959, 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed.2d 820, a carrier is free to contract with the owner or consignee of cargo to limit the liability of the carrier's agents, such as stevedores. Carle & Montanari, Inc. v. American Export Isbrandtsen

---

1. The carrier was found liable under the Carriage of Goods by Sea Act, 46 U.S.C.A. §§ 1300–1315, for negligently discharging the duty to "properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried." 46 U.S.C.A. § 1303(2).

2. 46 U.S.C.A. § 1304(5) provides in pertinent part:
   Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package * * *.

Lines, Inc., S.D.N.Y. 1967, 275 F.Supp. 76, aff'd 2 Cir.1967, 386 F.2d 839, cert. denied, 1968, 390 U.S. 1013, 88 S.Ct. 1263, 20 L.Ed.2d 162. The bill of lading executed between appellant and carrier here expressly provided that all defenses available to carrier "shall inure also to the benefit of the Carrier's agents, servants and employees and of any independent contractor performing any of the Carrier's obligations under the contract of carriage or acting as bailee of the goods, whether sued in contract or in tort." It is clear that the term "independent contractor" includes stevedores, and therefore the limitation defense is available to Strachan. Bernard Screen Printing Corp. v. Meyer Line, S.D.N.Y. 1971, 328 F.Supp. 288; see Carle & Montanari, Inc. v. American Export Isbrandtsen Lines, Inc., *supra*.

In our view, appellant's multiple recovery argument lacks merit. We agree with the court below that, "It would seem a strange interpretation of the bill [of lading] that the shipowner contemplated that there might be a double * * * recovery of the $500 limitation."

Affirmed.