**James Larry CORDLE**

v.

**G. J. WOODY, etc., et al.**

**Civ. A. No. 380–71–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Nov. 9, 1972.

---

4. 1970 U.S.Code Cong. and Adm.News, p. 4007 et seq.

Gordon P. Williams, Richmond, Va., for plaintiff.

Burnett Miller, III, Asst. Atty. Gen. of Va., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Cordle, a Virginia prisoner, seeks a writ of habeas corpus herein to redress a misdemeanor conviction before the Hustings Court of the City of Richmond on February 26, 1971. Jurisdiction is attained pursuant to 28 U.S.C. § 2254. The respective parties have moved for summary judgment. The parties have submitted memoranda and documents in support of their respective motions and have appeared for a plenary hearing before this Court. Accordingly, the matters herein are ripe for disposition.

The facts are not in dispute. Cordle was convicted on January 26, 1971 of grand larceny for which he received a suspended sentence of three years imprisonment in the Virginia State Peni-

tentiary. On February 26, 1971, Cordle was tried for a misdemeanor, the conviction complained of here. Prior to his misdemeanor trial, he stated to the trial court that he was an indigent and requested that counsel be appointed to represent him. At that time there was no provision under Virginia law for the appointment of counsel at misdemeanor trials and Cordle's request was accordingly denied. He was convicted upon a plea of not guilty and sentenced to serve twelve months in jail and to pay a fine of $100.00. On March 4, 1971, Cordle's suspension on the earlier grand larceny conviction was revoked and the petitioner was incarcerated to serve both sentences.

On March 10, 1971, this Court decided Marston v. Oliver, 324 F.Supp. 691 (E. D.Va.1971), wherein the Court ruled that the denial of appointed counsel to an accused misdemeanant who requested same rendered the conviction therein constitutionally defective. Subsequently, in June 1972, the Supreme Court reached the same result in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). On November 7, 1972, the Court of Appeals for the Fourth Circuit affirmed Marston, No. 71–1329, mem. decis., on the basis that *Argersinger* applies retroactively and thus supports this Court's original determination.

The issues which are determinative of the action herein are as follows:

1. Is this action moot?

2. Has the petitioner exhausted his available State remedies in compliance with 28 U.S.C. § 2241?

3. Do either *Marston* or *Argersinger* provide a basis for the relief sought herein?

*Mootness*

■■ The petitioner has served his "time" on the misdemeanor conviction. This, *ipso facto,* raises the threshold question of mootness. The law is clear that a habeas corpus petition is not moot, although the sentence for the con-

viction complained of has run, if "the results of the conviction may persist." United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Cordle is now eligible for parole for the grand larceny conviction. The Court finds, therefore, that the misdemeanor conviction may have a collateral effect in that prejudice against the granting of parole may flow therefrom. The Court concludes, therefore, that the matter is not moot. See Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Marston v. Oliver, *supra*.

*Exhaustion of Available State Remedies*

The respondent urges that the precise issue of the retroactivity of *Argersinger* is now before the Virginia Supreme Court in a case styled Potts v. Slayton. Accordingly, he argues that, should the Virginia Supreme Court in the light of *Argersinger* rule *Argersinger* to be retroactive, the petitioner would have an available state remedy under the *Potts* case. The Court is thus urged to dismiss this matter pending said exhaustion of state remedy.[1]

The Court is not inclined to do so. Section 2254(b), United States Code, which mandates exhaustion of state remedies, reads as follows:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process *or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.* (Emphasis supplied.)

Although the Court is aware that principles of judicial comity and § 2254 mandate that state courts determine all claims on habeas corpus relief which neither have been previously raised nor would prove fruitless, see Stonebreaker v. Smyth, 163 F.2d 498 (4th Cir. 1947), the Court is duty bound as well to consider the full provisions of § 2254. The italicized portion of the above quoted language states a third exception to the exhaustion doctrine, to-wit: that no recourse to state process is required when it would prove ineffective to protect the rights of the prisoner. The Court finds that exception appropriate herein.

Time is of the essence to Cordle. The conviction complained of may presently be a major obstacle to his freedom. Causing the petitioner at this stage to await the Virginia Supreme Court's decision in *Potts*, and then to proceed through the state habeas corpus machinery, might well render state habeas corpus relief ineffective by virtue of the time consumed in attaining it. This Court will not permit the respondent to do procedurally what, in light of *Marston*, *Argersinger* and the Court of Appeals' affirmance in *Marston*, is ultimately foreclosed to him in this forum on the merits. Accordingly, the Court finds that § 2254(b) does not mandate that Cordle proceed further in the state courts.

*Basis for Relief*

Although this Court has, since its ruling on *Marston*, entertained little doubt as to the retroactivity therein, the issue is clearly settled by the Court of Appeals by which it is bound. In its affirmance of *Marston*, the Court has ruled that *Argersinger* is retroactive, ac-

---

[1] It should be noted that at the urging of the Office of the Attorney General of Virginia, the Court being aware of the pendency of Potts v. Slayton in the Virginia Supreme Court of Appeals has, in the interest of comity, held this and two other pending cases in abeyance awaiting that Court's opinion. By reason of the heavy work burden on the Virginia Supreme Court of Appeals, the office of the Attorney General has understandably been unable to give any approximation of when that case will be concluded. In view of *Marston's* affirmance, *supra*, any further delay under the doctrine of comity would be abusive.

cordingly Cordle is entitled to the relief sought.

The writ of habeas corpus shall be granted. The state may at its own option choose to retry Cordle within 15 days of this date. In the meantime, the interests of justice mandate that upon all records of the conviction of which he complains shall be noted that said conviction has been found by this Court to be violative of due process and null and void. See Kimbrough v. Duke, C.A. 843–71–R (E.D.Va.1972).

An appropriate order shall issue.