MORI SEIKI USA, INC., Plaintiff,

v.

M/V SHIN KASHU MARU, her Engines, Tackle, Apparel, etc., Yamashita–Shinnihon Kisen K.K., Y.S. Line USA Corp., Managers, and/or Operators, Atchison, Topeka & Santa Fe Railway Company, and DFW Movers & Erectors, Inc., Defendants.

No. CA 3–87–1940–T.

United States District Court, N.D. Texas, Dallas Division.

Nov. 3, 1988.

Stuart B. Collins, Houston, Tex., for Mori Seiki USA, Inc.

Michael B. Hughes, McLeod, Alexander, Powel & Apffel, P.C., Galveston, Tex., for Atchinson, Topeka & Santa Fe Ry. Co.

Kenneth D. Kuykendall, Royston Rayzor Vickery & Williams, Houston, Tex., for Yamashita–Shinnihon Kisen K.K. and Y.S. Line USA Corp.

Robert C. Brown, Bailey & Williams, Dallas, Tex., for DFW Movers & Erectors, Inc.

## ORDER GRANTING MOTIONS FOR PARTIAL SUMMARY JUDGMENT

MALONEY, District Judge.

On October 3, 1988, Defendant Atchison, Topeka & Santa Fe Railway Company (ATSF) filed its Motion for Partial Summary Judgment. On October 7, 1988, Defendants Yamashita–Shinnihon Kisen K.K. (Yamashita) and Y.S. Line USA Corp. (Y.S. Line) filed their Motion for Partial Summary Judgment. Plaintiff has failed to file a response to either motion. Pursuant to Local Rule 5.1(e), United States District Court, Northern District of Texas, these motions are ripe for disposition.

This action was brought by Plaintiff to recover for damages to a shipment of a computerized controlled lathe. Plaintiff alleges that the lathe was damaged in transit from Nagoya, Japan to Dallas, Texas. Plaintiff executed a contract of carriage with Y.S. Line, acting as agent for Yamashita. Upon receiving the lathe, Yamashita, as owner of the transporting vessel, M/V Shin Kashu Maru, issued an intermodal bill of lading for shipment of the lathe from Nagoya to Long Beach, California, the port of discharge. From Long Beach Y.S. Line was to make arrangements for the lathe to be transported to Dallas for final delivery. Y.S. Line subcontracted with Defendant ATSF for transportation of the lathe to Dallas by rail.

Both carriers of the lathe have filed motions for partial summary judgment seeking to limit their liability to $500.00. Defendants Yamashita and Y.S. Line claim that their liability is limited to $500.00 pursuant to the terms of the bill of lading and the Carriage of Goods by Sea Act (COGSA), 46 U.S.C.App. § 1300, *et seq.* Defendant ATSF claims that its liability is limited to $500.00 pursuant to the terms of the bill of lading.

## DEFENDANTS YAMASHITA AND Y.S. LINE

Pursuant to COGSA, § 1304(5), Defendants Yamashita and Y.S. Line's liability is limited to $500.00. This section provides that a carrier shall not be liable for any loss or damage in an amount exceeding $500.00 per package or customary freight unit, unless the nature and value of the goods has been declared by the shipper before shipment and inserted in the bill of lading. While this might seem to be a harsh result, as was stated in *Aluminios Pozuelo Ltd. v. S.S. Navigator*, 407 F.2d 152, 155 (2nd Cir.1968):

> If shippers find the $500.00 per package limitation outdated because of inflationary trends and technological developments, the statute provides that they can obtain at their option full coverage merely by declaring the nature and value of the goods in the bill of lading and, where necessary, by paying a higher tariff. On the other hand, if they are reluctant to pay the higher charge and choose instead to gamble on safe delivery, they cannot argue later that the statute is inequitable....

*See also Brown & Root, Inc. v. M/V Peisander*, 648 F.2d 415 (5th Cir.1981); *Gebr. Bellmer KG. v. Terminal Services Houston, Inc.*, 523 F.Supp. 941 (S.D.Tex.1981), *aff'd* 711 F.2d 622 (5th Cir.1981).

Defendants submitted a copy of the bill of lading with their motion. The bill of lading indicates that these Defendants shipped one steel box for Plaintiff, containing "Mori Seiki" computerized numerically controlled lathe with standard accessories. The Court does not find that Plaintiff declared a value higher than $500.00 on the lathe. Because Plaintiff has not submitted any competent summary judgment evidence to show that it was not aware of the provisions of COGSA limiting liability, Defendants Yamashita and Y.S. Line liability is limited to $500.00.

The Court notes that the bill of lading, or contract of carriage, also limits these Defendants liability to $500.00. Paragraph 26 of the bill of lading provides for the limitation of liability. This provision specifically provides that the carrier's liability is limited to 100,000 Yen, or $500.00, unless a higher value for the goods is inserted in the bill of lading. Again, uncontroverted facts indicate that no value was indicated on the bill of lading and, therefore, the carrier's liability is limited to $500.00.

## DEFENDANT ATSF

Paragraph 5 of the bill of lading provides that the Defendants Yamashita and Y.S. Line were entitled to subcontract any or all of the handling, storage or carriage of the lathe. In accordance with this provision, Defendant ATSF was retained to transport the goods by rail from Long Beach to Dallas. Paragraph 5 also provides that any subcontractor or agent is entitled to the benefits of all provisions of the bill of lading which benefit the carrier as if such provision were expressly for their benefit.

Parties to a bill of lading may extend its contractual benefits to a third party if they clearly express their intent to do so. *Brown & Root*, 648 F.2d at 422; *Secrest Machinery Corp. v. S.S. Steamship Tiber*, 450 F.2d 285 (5th Cir.1971). Since ¶ 26 of the bill of lading limits the liability of the carrier, Defendants Yamashita and Y.S. Lines, as described above, Defendant ATSF is also afforded the same protection. Therefore, Defendant ATSF's liability is limited to $500.00.

The Court, having considered Defendants' motions for partial summary judgment, is of the opinion that the motions should be granted.

It is therefore ORDERED that Defendants Yamashita–Shinnihon Kisen K.K. and Y.S. Line USA Corp.'s motion for partial summary judgment is granted and that their liability to Plaintiff is limited to $500.00.

It is FURTHER ORDERED that Defendant Atchison, Topeka & Santa Fe Railway Company's motion for partial summary judgment is granted and that its liability to Plaintiff is limited to $500.00.